UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
KEYSEAN L. KEYES,

                       Plaintiff,        **MEMORANDUM AND ORDER**
                                               **ORDER TO SHOW CAUSE**
      -against-                            17-CV-6429 (JMA)

JUDGE CHRISTOPHER QUINN,

                       Defendant.
----------------------------------------------------------X
KEYSEAN L. KEYES,

                       Plaintiff,

            -against-                     17-CV-6430 (JMA)

CHIEF JUDGE JUDITH S. KAYE,
CHIEF JUDGE WILLIAM REHNQUIST,
THE ALFONSE M. D'AMATO UNITED
STATES COURTHOUSE,

                       Defendants.
----------------------------------------------------------X
KEYSEAN L. KEYES,

                       Plaintiff,

            -against-                     17-CV-6431 (JMA)

LONG ISLAND COALITION FOR THE
HOMELESS, et al.,

                       Defendants.
----------------------------------------------------------X
KEYSEAN L. KEYES,

                       Plaintiff,

            -against-                     17-CV-6432 (JMA)

JOHN IMHOF,

                       Defendant.
----------------------------------------------------------X

```
-----------------------------------------------------X
```
KEYSEAN L. KEYES,

                              Plaintiff,

          -against-                     17-CV-6433 (JMA)

THE MARY BRENNAN INN and
EMPLOYEE NANCY,

                              Defendants.
```
-----------------------------------------------------X
```
KEYSEAN L. KEYES,

                              Plaintiff,

          -against-                     17-CV-6434 (JMA)

ATTORNEY JEFFREY GRODER,
ATTORNEY JAMES P. CLARKE,
JUDGE S.M. GIANELLI,

                              Defendants.
```
-----------------------------------------------------X
```
KEYSEAN L. KEYES,

                              Plaintiff,

          -against-                     17-CV-6436 (JMA)

MIKE KRAMER, Supervising Clerk,
CLERK, Unknown Badge #,

                              Defendants.
```
-----------------------------------------------------X
```
**JOAN M. AZRACK, District Judge:**

     On November 3, 2017, *pro se* plaintiff Keysean L. Keyes, a frequent filer in this Court, filed seven (7) new *in forma pauperis* complaints. The Court grants plaintiff's applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. These complaints are consolidated under docket number 17-CV-6429(JMA) and, for the reasons that follow, the complaints are dismissed. Given plaintiff's history of filing repetitive and frivolous *in forma pauperis* complaints, plaintiff is also ordered to show cause why an order

barring her from filing any new *in forma pauperis* complaint without first obtaining leave of Court should not be entered.

## BACKGROUND

By Order dated November 9, 2017 (the "Order"), the Court granted plaintiff's applications to proceed *in forma pauperis* in twenty-three (23) of her cases (the "New Complaints")[1] and that were all consolidated under docket number 17-3757(JMA)(SIL) (the "Consolidated Action") and dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff was granted leave to file an amended complaint, bearing only docket number 17-CV-3757(JMA)(SIL), within thirty (30) days from the date of the Order. Plaintiff was warned that if she failed to file an amended complaint within the time allowed or to show good cause why she could not comply, judgment dismissing the action would be entered. (*See* 17-CV-3575 at Docket Entry No. 13 at 36, 39-40.) Plaintiff did not file an amended complaint and judgment dismissing the action entered on December 19, 2017. (*Id.* at Docket Entry No. 16.)

Because plaintiff has a long history of frivolous litigation in this Court[2], she was also

---

[1] The name of each new complaint and the assigned docket number are included in the caption of the Order. (*See* Docket Entry 13 at 1-6.)

[2] Plaintiff has filed over fifty (50) *in forma pauperis* cases in this Court. She has already had at least three *in forma pauperis* complaints that were filed while she was incarcerated *sua sponte* dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915 (e) (2) (B)(ii), 1915A(b)(1). *See Keyes v. Nassau Cty. Ct. and Supreme Ct., et al.*, 16-CV-4016; *Keyes v. Sullivan*, 16-CV-4989; *Keyes v. Nassau Cty. Sheriff's Dep't, et al.*, 16-CV-5482; *Keyes v. Nassau Cty. Corr. Facility, et al.*, 16-CV-5483; *Keyes v. The Dist. Att'y, et al.*, 16-CV-5484; *Keyes v. The People of the State of N.Y.*, 16-CV-5485; and *Keyes v. Sullivan*, 16-CV-5486. In addition, during the period October 5, 2016 through November 10, 2016, plaintiff filed an additional fourteen (14) *in forma pauperis* complaints: *Keyes v. Armor Corr. Health, et al.*, 16-CV-5747; *Keyes v. Nassau Cty. Ct., et al.*, 16-CV-5752; *Keyes v. Fed. Dist. Ct., E.D.N.Y., et al.*, 16-CV-5753; *Keyes v. Michael Sposato, et al.*, 16-CV-5755; *Keyes v. Judge David Sullivan, et al.*, 16-CV-5757; *Keyes v. Michael Sposato, et al.*, 16-CV-5990; *Keyes v. Nassau Cty. Sheriff's Dep't, et al.*, 16-CV-5991; *Keyes v. Nassau Cty. Sup. Ct., et al.*, 16-CV-5992; *Keyes v. Edward Mangano*, 16-CV-5993; *Keyes v. David Sullivan*, 16-CV-5994; *Keyes v. Nassau Cty. Ct., et al.*, 16-CV-5995; *Keyes v. Judge David Sullivan, et al.*, 16-CV-6226; *Keyes v. Judge David Sullivan, et al.*, 16-CV-6310; and *Keyes v. The Dep't of Soc. Svcs.*, 16-CV-6311). By Order dated December 30, 2016 in each case, the Court denied plaintiff's applications to proceed *in forma pauperis* because plaintiff had already accumulated three strikes and was thus barred from

ordered to file an affidavit within thirty (30) days from the date of the Order showing cause why an order should not be entered barring her from filing any new complaint relating to her underlying criminal case and any of the subjects raised in the New Complaints. Again, plaintiff was warned that her failure to file an affidavit in accordance with the Order would lead to the entry of an order barring plaintiff from filing any new complaint relating to her underlying criminal case and any of the subjects raised in the New Complaints and that the Court would direct the Clerk of the Court to return to plaintiff, without filing, any such action. (*Id.* Docket Entry No. 13 at 38, 40). Plaintiff did not file an affidavit in response to the Order, and, for the reasons set forth in the Order, plaintiff was enjoined from filing any new action in this Court relating to relating to her underlying criminal case and any of the subjects raised in the New Complaints without first seeking leave of Court. The Clerk of the Court was directed to return to plaintiff, without filing, any new action relating to her underlying criminal case and any of the subjects raised in the New Complaints if it is received without a separate application seeking leave to file.

Plaintiff was also warned that the continued submission of frivolous civil actions may result in the imposition of additional sanctions, including monetary penalties, upon notice and an opportunity to be heard. 28 U.S.C. § 1651(a); *Malley v. Corp. Counsel of the City of N.Y.*, 9 F. App'x 58, 59 (2d Cir. 2001) (summary order) (affirming imposition of $1,500 sanction on *pro se* litigant for filing repetitive, frivolous complaints).

I. **The Present Complaints**

As was noted above and in the Order, plaintiff filed seven (7) more *in forma pauperis*

---

proceeding *in forma pauperis*. Each case has since been dismissed for failure to prosecute because plaintiff did not remit the Court's filing fee. *See* Order, dated March 28, 2017 in each of the above cases.

complaints on November 3, 2017 and that were not addressed in the Order. Each of the present complaints is incomprehensible, incoherent, frivolous, and largely repetitive of prior complaints. For example, in the complaint assigned docket number 17-CV-6429, plaintiff again seeks to sue Judge Christopher Quinn, the state court justice who presided over an underlying state court criminal matter. The complaint assigned docket number 17-6434, again seeks to impose liability against Jeffrey Groder and James Clarke, both of who are attorneys involved with plaintiff's underlying criminal case. Similarly, the complaint assigned docket number 17-6432 is against John Imhof ("Imhof"), the Commissioner of the Nassau County Department of Social Services, and purports to allege the same incoherent and fantastic claims as were alleged in the consolidated action. On December 19, 2017, plaintiff filed a supplemental complaint under docket number 17-6432 that continues to name Imhof but also adds nine more defendants and is difficult to comprehend. (*See* 17-CV-6432 at Docket Entry No. 5.) As the Court can best discern, plaintiff complains generally that, while at a shelter, she was called a "psyco" [sic] and was not given a blanket because she is Black. (*Id.* at 11, 15-16.) In addition, the complaint assigned docket number 17-6430 is against the Alfonse M. D'Amato Courthouse and two deceased jurists, Justice Judith A. Kaye, Chief Justice of the New York Court of Appeals and Supreme Court Chief Justice William Rehnquist. Like her other complaints, plaintiff alleges that she, as a "black woman", is a victim because the defendants "hate [] black people." (*See*, *e.g.*, 17-CV-6430 at ¶ IV.)

## DISCUSSION

I.  Sufficiency of the Pleadings

Where, as here, the plaintiff is proceeding *in forma pauperis*, the district court must dismiss the complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which

relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An action is deemed frivolous as a matter of law when, inter alia, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted.)

In *Denton*, the Supreme Court noted that:

> the *in forma pauperis* statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."

*Denton*, 504 U.S. at 32 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

"It is axiomatic that district courts are required to read *pro se* complaints liberally, see *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest [ ],'" *Chavis*, 618 F.3d at 170 (quoting *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010), *aff'd*, 133 S. Ct. 1659 (2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678

(citation omitted).

Notwithstanding a plaintiff's *pro se* status, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Teichmann v. New York*, 769 F.3d 821, 825 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *accord Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As is readily apparent, none of the present complaints allege a plausible claim against any defendant. Even affording plaintiff's submissions a liberal construction, the Court finds that they lack an arguable basis in law and fact and are thus frivolous. Accordingly, the present complaints are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

II.     Filing Injunction

The ability to litigate *in forma pauperis* is regarded as a privilege and may be denied if abused. *In re Anderson*, 511 U.S. 364 (1994); *In re Sindram*, 498 U.S. 177, 179-180 (1991) ("In order to prevent frivolous petitions for extraordinary relief from unsettling the fair administration of justice, the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system."); *Polanco v. Hopkins,* 510 F.3d 152, 156 (2d Cir. 2007) (The ability to proceed *in forma pauperis* "is not a constitutional right, but rather a congressionally created benefit.")

(internal quotation marks and citation omitted). The Second Circuit has long held that a district court not only has the authority, but also an obligation, to deny this benefit to a litigant who has demonstrated a history of filing frivolous and vexatious claims. *See In re Martin-Trigona,* 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (preliminary injunction), *injunction made permanent,* 795 F.2d 9, 12 (2d Cir. 1986), *modified sub nom. Martin-Trigona v. Cohen,* 876 F.2d 307, 308 (2d Cir. 1989). The Second Circuit has upheld the district court's authority to issue a filing injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (internal quotations and citations omitted); *see also Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009); *Williams v. NYC Hous. Auth.*, No. 06-CV-5473, 2008 WL 5111105, at *5 (E.D.N.Y. Dec. 4, 2008). However, it is the "[t]he unequivocal rule in this Circuit . . . that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005) (quoting *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)).

Here, plaintiff has unquestionably taxed the resources of this court because "[e]very paper [she has] filed with the Clerk of this Court, no matter how repetitious or frivolous, require[d] some portion of the institution's limited resources." *In re McDonald*, 489 U.S. 180, 184 (1989). Plaintiff has clearly exceeded the reasonable access to the courts afforded her by the *in forma pauperis* statute and "abuse[d] the process of the Courts to harass and annoy others with meritless,

frivolous, vexatious or repetitive . . . proceedings." *Lau*, 229 F.3d at 123. Thus, given plaintiff's persistence in filing frivolous *in forma pauperis* actions in this Court, plaintiff is now **ORDERED TO SHOW CAUSE, BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, WHY AN ORDER SHOULD NOT BE ENTERED BARRING THE ACCEPTANCE OF ANY FUTURE *IN FORMA PAUPERIS* COMPLAINT FROM PLAINTIFF FOR FILING IN THIS COURT WITHOUT PLAINTIFF FIRST OBTAINING LEAVE OF THE COURT**. 28 U.S.C. § 1651. Plaintiff is advised that her failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring plaintiff from filing any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this consolidated action, 17-CV-6429(JMA). If entered, this filing injunction order will limit plaintiff's filings as follows:

- If plaintiff wishes to commence a new *in forma pauperis* complaint, it must be filed along with a request for leave to file the complaint, and the Clerk of Court will be directed to open it under a miscellaneous number.

- Unless the Court enters an Order authorizing the case to go forward within 90 days, at which point it will be assigned a civil case number, the Clerk shall close the miscellaneous matter without further Court Order.

- The Clerk of the Court will return to plaintiff, without filing, any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint.[3]

---

[3] This filing injunction order would be without prejudice to plaintiff properly filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 upon conclusion of the criminal action against her and her exhaustion of any constitutional claims in the state court prior to filing a petition here.

**FURTHER, THE COURT HEREBY BARS PLAINTIFF FROM FILING ANY *IN FORMA PAUPERIS* COMPLAINT WITHIN THE NEXT 30 DAYS.** The Court will direct the Clerk of the Court to return to plaintiff, without filing, any such complaint.[4] This temporary 30-day injunction is necessary to ease the substantial burden placed on the Court and court staff by the continuous stream of baseless and repetitive complaints filed by plaintiff.[5]

Plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, *see Maduakolam v. Columbia Univ.*, 866 F.2d 53, 56 (2d Cir. 1989) ("Rule 11 applies both to represented and *pro se* litigants . . ."), and should she file another incoherent, frivolous action, it is within the Court's authority to consider imposing sanctions upon her. *See* FED. R. CIV. P. 11. Given that plaintiff is disruptive on her lengthy and frequent visits to the Court[6] and has now named as defendants each employee in the Clerk's Office who has assisted her, including the Clerk's Office Manager, and the Long Island Courthouse's *Pro Se* Office staff members, the Court may also enjoin plaintiff from personally filing any papers at the Court and may require that all future submission from plaintiff be sent to the Court through the mail. While the Court is hesitant to limit access to the courthouse door to plaintiff, the assistance she needs and has sought is not to be found here and her abuse of judicial resources is clearly excessive.

---

[4] This filing injunction is without prejudice to plaintiff properly filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 upon conclusion of the criminal action against her and her exhaustion of any constitutional claims in the state court prior to filing a petition here.

[5] If plaintiff convinces the Court not to enter an order barring her from filing any new *in forma pauperis* complaints, the Court will consider, to the extent permissible under the law, tolling - for the 30 days covered by the temporary Injunction - any relevant statutes of limitations applicable to claims that plaintiff subsequently pursues.

[6] Plaintiff frequently arrives at the Court when it opens and stays in the Clerk's Office all day, filing her papers just before closing time. She has been verbally abusive with Court staff, as well as disruptive to the overall office operations by constantly asking for the time or for additional blank sheets of paper or court forms. Plaintiff has also interrupted Court staff on several occasions when they are assisting other litigants.

**CONCLUSION**

For the reasons set forth above, because none of the present complaints allege a plausible claim against any defendant, they are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). As explained above, the Court **ORDERS PLAINTIFF TO SHOW CAUSE, BY FILING AN AFFIDAVIT WITHIN THIRTY (30) DAYS FROM THE DATE OF THIS ORDER, WHY AN ORDER SHOULD NOT BE ENTERED BARRING THE ACCEPTANCE OF ANY FUTURE IN FORMA PAUPERIS COMPLAINT FROM PLAINTIFF FOR FILING IN THIS COURT WITHOUT PLAINTIFF FIRST OBTAINING LEAVE OF THE COURT.**

Plaintiff is advised that her failure to file an affidavit in accordance with this Order to Show Cause will lead to the entry of an order barring plaintiff from filing any new *in forma pauperis* complaint unless it is accompanied by a request for leave to file the complaint. Plaintiff's affidavit shall be clearly labeled "Affidavit in Response to the Order to Show Cause" and shall bear only the docket number of this consolidated action, 17-CV-6429(JMA).

Additionally, **THE COURT HEREBY BARS PLAINTIFF FROM FILING ANY *IN FORMA PAUPERIS* COMPLAINT WITHIN THE NEXT 30 DAYS.** The Court will direct the Clerk of the Court to return to plaintiff, without filing, any such complaint.

Finally, plaintiff is cautioned that Rule 11 of the Federal Rule of Civil Procedure applies to *pro se* litigants, and should she file another incoherent, frivolous action, it is within the Court's authority to consider imposing sanctions upon her, including an injunction enjoining plaintiff from personally filing any papers at the Court and may require that all future submission from plaintiff be sent to the Court through the mail.

Although nothing herein shall be construed to prohibit plaintiff from filing an appeal of

this instant order, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the instant order would not be taken in good faith and, should plaintiff seek leave to appeal *in forma pauperis*, such status is DENIED for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to close these consolidated cases and to leave open only 17-CV-6429(JMA) in order to allow plaintiff to file her response to the Order to Show Cause.

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to Show Cause the *pro se* plaintiff at 200 Fulton Street, P.O. Box 582, Hempstead, NY 11501.

SO ORDERED.

_____/s/ (JMA)_____

Dated: December 22, 2017  Joan M. Azrack
Central Islip, New York  United States District Judge